<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANTHONY CHARLES BAILEY,  :  <br>                    :  <br>          Plaintiff,  :  <br>                    :  <br>     v.             :  <br>                    :  <br> ATLANTIC COUNTY JUSTICE  :  <br> FACILITY et al.,        :  <br>                    :  <br>          Defendants.  :  | Civil Action No. 13-0418 (JBS)  <br><br>**<u>OPINION</u>** |

Plaintiff Anthony Charles Bailey ("Plaintiff") seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk to file the complaint. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

I.   **BACKGROUND**

Naming the Atlantic County Justice Facility ("Facility") and the distributors of the Facility's commissary ("Distributors") as Defendants, Plaintiff asserts that the Distributors violated his rights by "taxing inmates 10% on books of postal stamps and also

on single stamps." [Docket Item 1, at 1, 4.] Plaintiff seeks "compensation for lost wages." Id. at 5.

**II. DISCUSSION**

    A.    **Standards for *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Quoting its opinion in Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678, the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that his allegations are plausible. See Iqbal, 556 U.S. at 677-79; see also Twombly, 550 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.   **Section 1983 Actions**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S.

42, 48 (1988); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

**C.  <u>Analysis</u>**

**1.  Claims Against the Facility**

A jail is not a "person" within the meaning of 42 U.S.C. § 1983. <u>See</u> <u>Marsden v. Federal BOP</u>, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); <u>Powell v. Cook County Jail</u>, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (a jail is not a "person" under § 1983). Thus, Plaintiff's claims against the Facility shall be dismissed.

**2.  Claims Raised <u>Jus</u> <u>Tertii</u>**

Under the "next friend" doctrine, standing is allowed to a third person to file and pursue a claim on behalf of someone who is unable to do so. <u>See</u> <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154-55 (1990). The <u>Whitmore</u> Court set out two requirements for one seeking to qualify for "next friend" standing: (1) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate" (and it has been suggested that a "'next friend' must have some significant relationship with the real party in interest"); and (2) "the 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." <u>Id.</u> at 163-64. Since <u>Witmore</u>, the

Supreme Court further elaborated on the standing requirements by stating that a plaintiff must demonstrate an injury in fact that is fairly traceable to the challenged actions of the defendant and likely to be redressed by a favorable judicial decision.  See Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 102-103 (1998).  However, "the point has always been the same: whether a plaintiff 'personally would benefit in a tangible way from the court's intervention.'"  Id. at 103 n. 5 (quoting Warth v. Seldin, 422 U.S. 490, 508 (1975)); see also Sprint Communs. Co., L.P. v. APCC Servs., 554 U.S. 269, 301 (2008) (Roberts, J., dissenting) ("The absence of any right to the substantive recovery means that respondents cannot benefit from the judgment they seek and thus lack . . . standing.  'When you got nothing, you got nothing to lose'") (quoting, with correction of grammar, Bob Dylan, Like A Rolling Stone, in On Highway 61, Revisited (Columbia Records 1965)).  Here, Plaintiff raised claims on behalf of other inmates.  However, he cannot proceed jus tertii since no statement made in the complaint suggests that these inmates lack capacity to seek vindication of their own rights, or that Plaintiff would benefit in a tangible way from vindication of their rights.  Thus, these claims shall be dismissed.

### 3. Plaintiff's Claims Asserting 10% Surcharge[1]

---

[1] The Court presumes Plaintiff contests the 10% commissary surcharge imposed by the Facility for the Victims of Crime Compensation Board ("VCCB").  In New Jersey, "[e]very commissary

The Court cannot rule out that Plaintiff himself was subjected to the commissary surcharge and, thus, his claims were not raised solely <u>jus tertii</u>.  However, the Court of Appeals addressed a comprehensive challenge to the VCCB Surcharge Statute, including due process, equal protection, and double jeopardy challenges, and found the Statute constitutional under both the United States and New Jersey Constitutions.  <u>See</u> <u>Myrie v. Comm'r, N.J. Dept. of Corr's</u>, 267 F.3d 251 (3d Cir. 2001); <u>see also</u> <u>Auge v. N.J. Dept. of Corrections</u>, 327 N.J. Super. 256, 743 A.2d 315 (N.J. Super. 2000), <u>certif. denied</u>, 174 N.J. 559 (2000) (rejecting double jeopardy and due process challenges under both New Jersey and United States Constitutions).  The Court of Appeals ruled that the surcharge was a permissible civil remedial program, reasoning:

> To be sure, this history does not specify why the Legislature looked to prison inmates as the source of the needed revenues.  It would seem, however, not unreasonable to infer that the Legislature regarded the inmate population as a cohort whose members were in large measure accountable for the victim harms for which adequate compensation had not been achieved.  Such a legislative attribution of accountability-assuming it was, in fact, made-would not, of course, be flawless.  As pointed out by the fiscal note, the program adopted by the Legislature contemplated that the surcharge would be added to the

---

in a county or State correctional facility operated for the sale of commodities shall collect a surcharge of 10% of the sales price of every item sold.  The surcharge shall be known as the VCCB Surcharge.'  All funds collected pursuant to this section shall be forwarded . . . for deposit in the [VCCB]."  N.J. Stat. Ann. § 30:4-15.1 ("VCCB Surcharge Statute" or "Statute").

> price of all inmate purchases, including purchases by inmates who had already completed payment of sums owing to the VCCB. Also, the New Jersey inmate population presumably included-and continues to include persons held in pre-trial custody, not convicted of any crimes. But this lack of one-to-one correspondence between a particular inmate's purchase and an identifiable and precisely quantifiable dollar obligation to a victim does not undercut the general rationality of the attribution of accountability which, we assume, animated the Legislature.  More to the point, it does not undercut the conclusion that the surcharge regime was intended by the Legislature to be civil and remedial.

Myrie, 267 F.3d at 258-259.[2]

Plaintiff, an inmate in a state correctional institution, was properly subject to the VCCB surcharge, even though he himself may not have owed any money to the fund at the time the surcharge was imposed.  Accordingly, he fails to state a claim based on his own commissary purchases and these claims, if any, are also subject to dismissal.

D.   **Leave to Amend**

A court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).  Here, Plaintiff cannot cure the deficiencies of his claims against the

---

[2]  The Court of Appeals also used this rationale to hold that the surcharge did not violate the due process or equal protection rights of inmates, including those who may not owe any money to the VCCB.  See Myrie, 267 F.3d at 263.

Facility, or those he raised <u>jus tertii</u> or on his own behalf, by repleading.  Thus, leave to amend would be futile and will not issue.  Plaintiff's complaint will be dismissed with prejudice.

**IV.   CONCLUSION**

For the reasons set forth above, the complaint will be dismissed with prejudice, in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(1) and 1915A(b)(2).

An appropriate order follows.

                         s/ Jerome B. Simandle
                        **JEROME B. SIMANDLE**
                        **Chief Judge**
                        **United States District Court**

Dated:    **January 31, 2013**